

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PWB
F. #2014R01413

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 14, 2015

By Federal Express and ECF

Lee A. Ginsberg, Esq.
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, New York 10038

      Re:    United States v. Akmal Zakirov
               Criminal Docket No. 15-95 (WFK)

Dear Mr. Ginsberg:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is being produced pursuant to the Stipulation and Protective Order entered by the Court on July 14, 2015. The government also requests reciprocal discovery from the defendant. Please contact me if you wish to arrange a time to inspect, copy and/or photograph the evidence and original documents discoverable under Rule 16.

I.    The Government's Discovery

    A.    Statements of the Defendant

      The defendant Akmal Zakirov ("Zakirov") was taken into immigration custody on February 25, 2015. Zakirov was interviewed that day, and he was also interviewed on March 11, 2015. Reports, notes, and various forms associated with the February 25, 2015 interview are attached at Bates numbers AZ 1 through AZ 11. During the February 25, 2015 interview, Zakirov gave consent to search three digital devices, including his phone. The written consent form is attached at Bates number AZ 12. A video recording of the March 11, 2015 interview is contained on an enclosed DVD, Bates Numbered AZ-DVD 1. In addition, a report, a transcript, and forms associated with the March 11, 2015 interview are attached at Bates numbers AZ 13 through AZ 82. Finally, a report, prisoner

intake form, and a property inventory relating to your client's arrest and transfer into criminal custody are attached at Bates numbers AZ 83 through AZ 90.

Other statements by Zakirov are contained in the balance of the discovery material produced and to be produced.

  B. <u>The Defendant's Criminal History</u>

At the present time, the government is not aware of any prior criminal history of Zakirov in the United States.

  C. <u>Documents and Tangible Objects</u>

An inventory of the property recovered from recovered from Zakirov at the time of his arrest is attached at Bates number AZ 90.  In addition, as noted above, Zakirov consented to the search of his LG phone, his iPhone, and his laptop computer.  (<u>See</u> AZ 12). Records and account statements for Zakirov's Bank of America bank account are attached at Bates numbers AZ 91 through AZ 343.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

  D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

  E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

  F. <u>Brady Material</u>

During his February 25, 2015 interview with law enforcement, Zakirov made certain exculpatory statements that he later contradicted.  Other than these statements, the government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

2

G.       Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Very truly yours,

        KELLY T. CURRIE
        Acting United States Attorney

By:     /s/ Peter W. Baldwin
        Peter W. Baldwin
        Alexander A. Solomon
        Douglas M. Pravda
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures

cc:     Clerk of the Court (WFK) (by ECF) (without enclosures)