UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA          :
                                  :
    -against-                     :
                                  :          15-95
JURABOEV, et. al, AZIZJON         :          WFK
RAKHMATOV,                        :
                                  :
            Defendant             :
                                  :
-------------------------------------------------------x

---

**DEFENDANT RAKHMATOV'S MOTION
TO DISMISS COUNTS ONE AND TWO
OF THE INDICTMENT**

---

LAWRENCE MARK STERN, ESQ.
100 Hudson Street, #6A
New York, N,Y, 10013
(212) 226-4925


JAMES E. NEUMAN, ESQ.
100 Lafayette Street
Suite 501
New York, N.Y, 10013
Attorneys for Defendant

POINT I

COUNTS ONE AND TWO OF THE INDICTMENT MUST
BE DISMISSED BECAUSE THEY DO NOT PROSECUTE
DEFENDANT FOR CONSPIRACY AND ATTEMPT TO
KNOWINGLY PROVIDE TO A FOREIGN TERRORIST
ORGANIZATION "ONE OR MORE INDIVIDUALS TO
WORK UNDER THAT FOREIGN TERRORIST
ORGANIZATION'S DIRECTION OR CONTROL" AS
REQUIRED BY 18 U.S.C. §2339B(h)

The statute under which defendant is being prosecuted, 18 U.S.C. §2339B, permits

prosecution of a defendant who has allegedly provided personnel to a ForeignTerrorist

Organization, only if he has knowingly provided, or conspired to do so, "one or more

individuals to work under that terrorist organization's direction or control."  18 U.S.C.

§2339B(h).[1]  The indictment in this case does not so allege, therefore defendant's

prosecution under 2339B is precluded and counts one and two must be dismissed. The

indictment's allegation that defendant provided personnel does not suffice under the

terms of the statute, therefore it does not charge an offense and deprives defendant of the

rights to indictment and due process of law. *Dowling v. United States*, 473 U.S. 207

(1985); *United States v. Crowley*, 236 F.3d 104 (2d Cir. 2000).

---

[1] "No person may be prosecuted under this section in connection with the term
"personnel" unless that person has knowingly provided, attempted to provide, or
conspired to provide a foreign terrorist organization with 1 or more individuals (who may
be or include himself) to work under that terrorist organization's direction or control or to
organize, manage, supervise, or otherwise direct the operation of that organization"

18 U.S.C.A. § 2339B

The statute's proscription of "prosecution" for providing personnel to an FTO, unless the personnel were provided to work under the FTO's direction, means that an indictment cannot be brought without the qualification set forth in the statute. "In the criminal context, the ordinary meaning of 'prosecute' is '[t]o institute and pursue a criminal action ...' Black's Law Dictionary 1416 (10th ed. 2014). Similarly, a 'charge' ordinarily connotes '[a] formal accusation of an offense as a preliminary step to prosecution ...' Id. at 282. *Ramsey v. United States Parole Comm'n*, 840 F.3d 853, 863 (D.C. Cir. 2016). The prosecution is instituted by an indictment, therefore this indictment cannot be brought according to the explicit terms of the statute. The statute does not excuse the failure to indict an offense on the premise that the government will later prove it at trial.

Furthermore, the indictment, which does not include the personnel qualification, runs afoul of Constitutional First and Fifth Amendment over breadth and vagueness. Indeed, it was to avoid those challenges, which remain in this case if the present indictment is allowed to stand, that Congress added the qualification. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21, 23 (2010)*; Humanitarian Law Project v. Reno*, 205 F.3d 1130 (9th Cir, 2000); *United States v. Sattar*, 272 F.Supp.2d 348 (S.D.N.Y. 2003); *United States v. Abu-Jihaad*, 600 F.Supp.2d 362 (D. Conn. 2009); *United States v. Jama*, 217 F.Supp.3d 882 (E.D.Va 2016); *United States v. Taleb-Jedi*, 566 F.Supp.2d 157 (E.D.N.Y. 2008); *United States v. Awan*, 459 F.Supp.2d 167

2

(E.D.N.Y. 2006). These cases discussed the Constitutional problems of the statute without the qualification, which could penalize those who provide independent actors, whose actions align with or mimic those of an FTO, or who merely become a member of an FTO, or advocate its politcal aims or ideological premises, or who work independently on charitable projects. With the enactment of the qualification of §2339(B)(h), it became clear that only those who provide individuals who are to be directed or controlled by the FTO are to be prosecuted, thereby disabling the Constitutional challenges. See *United States v. Shafi*, 252 F.Supp 3d 787 (N.D.Cal 2017).

*United v. Shafi, supra*, and *United States v. Pugh*, 162 F.Supp3d 97 (E.D.N.Y. 2016) hold that the qualifying language need not be included in the indictment categorizing it as a definition rather than as an element of §2339B.

Defendant submits that *Shafi* and *Pugh* are wrongly decided, and it appears that no appellate courts have addressed the issue. The *Shafi* and *Pugh* reliance on the semantic categorization of 2339B(h) as a definition which need not be charged in the indictment negates the plain, stark, black letter of the language of §2339B(h) that "no person may be prosecuted under this section in connection with the term 'personnel.'" It defies language, logic and the Constitution that notwithstanding this clear proscription, a person may be prosecuted, i.e. indicted, for providing personnel under any circumstances without the qualification of 2339B(h). The ordinary meaning of the statute controls, and no further inquiry is necessary. *Engine Mfrs. Association v. S. Coast Air Quality Mgmt. Dist.*,

3

541 U.S. 246, 252 (2004); *Phong Thanh Nguyen v. Chertoff*, 501 F.2d 107, 112 (2d Cir. 2007).

That the government will later be required to prove the qualification at trial does not change the fact that the defendant has been wrongly subjected to prosecution in violation of the statute, for a charge that is not a criminal offense. Furthermore, he will be prejudiced at trial by the omission of the qualification of 2339(B)(h) in the indictment. The jury will not hear the qualification when the indictment is read or described to them, and will go through the trial until the charge analyzing the evidence as if the provision of any personnel is sufficient for conviction. That cannot but bias the jury in its consideration of the evidence and will deny the defendant a fair trial and due process of law.

Finally, the indictment is not saved by its inclusion of the word "service" in conjunction with personnel. The indictment requires both elements, "service **and** personnel," therefore both must be charged according to the terms ot the statute and both must be proved according to its terms.

## CONCLUSION

COUNTS ONE AND TWO SHOULD BE DISMISSED

Respectfully submitted,


S/Lawrence Mark Stern
LAWRENCE MARK STERN


S/James E. Neuman
JAMES E. NEUMAN